AO 106 (Rev. 7/87) Affidavit for Search Warrant

FILED
U.S. MAGISTRATE JUDGE
MAY 11 1999
SOUTHERN DIST. OHIO
WEST DIV. CINCINNATI

# United States District Court

SOUTHERN DISTRICT OF OHIO

In the Matter of the Search of
(Name, address or brief deposition of person, property or premises to be searched)

922 VINE STREET HAMILTON, OHIO, WHITE WOOD 2 STORY WITH BROWN TRIM AND GREEN ROOF, WITH THE NUMBERS "922" ON THE FRONT OF RESIDENCE, AND ALL VEHICLE AND CURTILAGES.

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER: 99 105 D

I CHARLIE STIEGELMEYER being duly sworn depose and say:

I am a(n) TASK FORCE AGENT DRUG ENFORCEMENT ADMINISTRATION and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)
922 VINE STREET HAMILTON, OHIO, WHITE WOOD 2 STORY WITH BROWN TRIM AND GREEN ROOF, WITH THE NUMBERS "922" ON THE FRONT OF RESIDENCE, AND ALL VEHICLE AND CURTILAGES.

in the SOUTHERN District of OHIO

there is now concealed a certain person or property, namely (describe the person or property to be seized)

****SEE ATTACHED AFFIDAVIT****

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Criminal Procedure)
VIOLATION OF THE FEDERAL CONTROLLED SUBSTANCE ACT.

concerning a violation of Title 21 United States Code, Section(s) 846
The facts to support a finding of Probable Cause are as follows:

****SE ATTACHED AFFIDAVIT****

I certify that this is a true and correct copy of the original filed in my office on
5-11-99
TERRY T. DEINLEIN, ACTING CLERK
BY: Kendra Jordan
Deputy Clerk
DATE: 11-18-03

Continued on the attached sheet and made a part thereof: ☒ Yes ☐ No

TFA CHARLIE STIEGELMEYER
Signature of Affiant

Sworn to before me, and subscribed in my presence,

5/11/99
Date

at CINCINNATI, OHIO
City and State

Jack Sherman Jr   U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

EXHIBIT A

# AFFIDAVIT

I, *CHARLIE STIEGELMEYER*, BEING DULY SWORN DEPOSE AND SAY

I AM A TASK FORCE AGENT OF THE DRUG ENFORCEMENT ADMINISTRATION AND HAVE BEEN A LAW ENFORCEMENT OFFICER FOR THE PAST 16 YEARS. I HAVE PERSONALLY CONDUCTED AND PARTICIPATED IN INVESTIGATIONS INVOLVING PERSONS AND ORGANIZATIONS DISTRIBUTING CONTROLLED SUBSTANCES.

## I.
### PROPERTY TO BE SEARCHED

I MAKE THIS AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR THE ISSUANCE OF A SEARCH WARRANT FOR THE FOLLOWING LOCATIONS AND PROPERTIES:

1. 1126 Harmon Ave.
   Hamilton, Ohio

2. 1440 Shuler Ave
   2nd Floor Apt.
   Hamilton, Ohio

3. 811 Central Ave.
   Hamilton, Ohio

4. 5270 Apt. 12 Aster Park Dr
   West Chester, Ohio

5. 1310 Baltimore Ave.
   Middletown, Ohio

6. 13 Monroe St.
   Middletown, Ohio

7. 922 Vine Street
   Hamilton, Ohio

8. 3301 River Rd.
   Hamilton, Ohio

9. 325 Moore St.
   Middletown, Ohio

## II.
### PROPERTY TO BE SEIZED

EVIDENCE, FRUITS, AND INSTRUMENTALITIES OF VIOLATIONS OF 21 U.S.C. §§ 841 AND 846 AND RELATED FORFEITURE UNDER 21 U.S.C. § 881 AND 18 U.S.C. §§ 981, AND VIOLATIONS OF 18 U.S.C. §§ 1956 AND 1957, INCLUDING BUT NOT LIMITED TO:

1. CONTROLLED SUBSTANCES TO INCLUDE BUT NOT BE LIMITED TO COCAINE, MARIJUANA, AND METHAMPHETAMINE.

2. PARAPHERNALIA FOR PACKAGING, CUTTING, WEIGHING, AND DISTRIBUTING COCAINE, MARIJUANA, AND METHAMPHETAMINE, INCLUDING BUT NOT LIMITED TO, BAGGIES AND SCALES.

3 INDICIA OF OCCUPANCY, RESIDENCY, DOMINION, CONTROL AND/OR OWNERSHIP OF THE

PREMISES DESCRIBED ABOVE, INCLUDING, BUT NOT LIMITED TO, RECEIPTS AND BILLS PERTINENT TO MAINTENANCE AND IMPROVEMENTS, UTILITY AND TELEPHONE BILLS, CANCELED ENVELOPES, AND KEYS.

4. COMPUTER AND COMPUTER ASSOCIATED DEVICES SUCH AS MODEMS, TERMINALS, AND KEYBOARDS, PRINTERS, INTERNAL AND/OR EXTERNAL DISK DRIVES, AND OTHER INPUT/OUTPUT MEDIUM; MAGNETIC MEDIA, INCLUDING BUT NOT LIMITED TO MAGNETIC TAPES, DISKS,(HARD OR FLOPPY), INTERFACE BOARDS, FAX BOARDS AND ALL STORED THEREON INCLUDING THE TRANSCRIPTION OF THE CONTENTS TO HARD COPIES; ALL OUTPUT PRODUCED BY A COMPUTER.

5. LOG BOOKS, RECORDS, PAYMENT RECEIPTS, NOTES, AND/OR CUSTOMER LISTS, LEDGERS, AND OTHER PAPERS OR OBJECTS RELATING TO TRANSPORTING, ORDERING, PURCHASING, PROCESSING, STORING, SECRETING AND DISTRIBUTING CONTROLLED SUBSTANCES, IN PARTICULAR, MARIJUANA, COCAINE, AND METHAMPHETAMINE; INCLUDING BUT NOT LIMITED TO SAFETY DEPOSIT BOX KEYS, STORAGE LOCKER KEYS, CHARTS, MAPS, OR OTHER EVIDENCE OF THE LOCATION OF CONTROLLED SUBSTANCES, AND TAX RECORDS OF INCOME AND EXPENDITURES FOR THE YEARS 1991 TO PRESENT.

6. PAPERS, TICKETS, NOTICES, CREDIT CARD RECEIPTS, TRAVEL SCHEDULES, TRAVEL RECEIPTS, PASSPORTS, AND/OR RECORDS, AND OTHER ITEMS RELATING TO DOMESTIC AND FOREIGN TRAVEL; INCLUDING, BUT NOT LIMITED TO, AIRLINE RECEIPTS, RENTAL VEHICLE AGREEMENTS, DIARIES, HOTEL RECEIPTS, TRUCK LOGS, NOTES, AND RECORDS OF LONG DISTANCE TELEPHONE CALLS.

7. ADDRESS AND/OR TELEPHONE BOOKS AND PAPERS REFLECTING NAMES, ADDRESSES, AND/OR TELEPHONE NUMBERS OF INDIVIDUALS, PARTNERSHIPS, OR CORPORATIONS INCLUDING, BUT NOT LIMITED TO, TRUEBOY CARWASH.

8. FINANCIAL RECORDS, FINANCIAL STATEMENTS, RECEIPTS, STATEMENTS OF ACCOUNTS AND RELATED BANK RECORDS, MONEY DRAFTS, LETTERS OF CREDIT, MONEY ORDERS AND CASHIER'S CHECK RECEIPTS, PASSBOOKS, BANK CHECKS, ESCROW DOCUMENTS, AND OTHER ITEMS EVIDENCING THE OBTAINING, SECRETING, TRANSFERRING, AND/OR CONCEALING OF ASSETS AND THE OBTAINING, SECRETING, TRANSFERRING, CONCEALING, AND/OR EXPENDING OF MONEY.

9. UNITED STATES CURRENCY, OTHER CURRENCY, GOLD, PRECIOUS METALS, RARE COINS, GOLD COINS, JEWELRY, AND FINANCIAL INSTRUMENTS, INCLUDING, BUT NOT LIMITED TO, STOCKS AND BONDS.

10. PHOTOGRAPHS AND/OR PHOTOGRAPHIC ALBUMS OF THE FOLLOWING: HOUSES, AUTOMOBILES, OTHER ASSETS, AND PERSONS.

# III.
## OUTLINE/BACKGROUND

1. I ASSERT THAT BASED UPON THE FACTS DETAILED IN THIS AFFIDAVIT PROBABLE CAUSE EXISTS THAT THERE ARE FRUITS, EVIDENCE, AND INSTRUMENTALITIES OF CRIMINAL OFFENSES AGAINST THE UNITED STATES; NAMELY:

   (A)   TITLE 21 USC 841,846-

       POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF CONTROLLED SUBSTANCES AND CONSPIRACY TO DO SO.

(B). TITLE 18 USC 1956, 1957

    LAUNDERING OF MONETARY INSTRUMENTS.

2. BASED UPON TRAINING AND EXPERIENCE, UPON MY PERSONAL REVIEW OF DOCUMENTS, TESTIMONY, AND STATEMENTS OF WITNESSES, I SUBMIT THAT THERE IS PROBABLE CAUSE TO BELIEVE THAT DAVON RODRIGUEZ, JOSE RODRIGUEZ, PAUL CARPENTER, McCOY WRIGHT, JERRY ROBINSON AND OTHERS, HAVE COMMITTED ONE OR MORE OF THE OFFENSES OUTLINED IN THIS AFFIDAVIT.

3. ALSO, BASED ON MY TRAINING, EXPERIENCE, AND PARTICIPATION IN OTHER DRUG INVESTIGATIONS OF PERSONS AND ORGANIZATIONS INVOLVING LARGE AMOUNTS OF DRUGS AND/OR ASSETS, I KNOW:

(A). THAT DRUG TRAFFICKERS VERY OFTEN PLACE ASSETS IN NAMES OTHER THAN THEIR OWN TO AVOID DETECTION OF THESE ASSETS BY LAW ENFORCEMENT AGENCIES;

(B). THAT EVEN THOUGH THESE ASSETS ARE IN OTHER PERSONS' NAMES, THE DRUG DEALERS CONTINUE TO USE THESE ASSETS AND EXERCISE DOMINION AND CONTROL OVER THEM;

(C). THAT LARGE-SCALE DRUG TRAFFICKERS MUST MAINTAIN ON HAND LARGE AMOUNTS OF CURRENCY IN ORDER TO FINANCE THEIR ONGOING DRUG ACTIVITIES AND OTHER BUSINESSES AS WELL AS TO PAY BILLS, ACQUIRE ASSETS, AND MAKE OTHER PURCHASES;

(D). THAT IT IS COMMON FOR LARGE-SCALE DRUG TRAFFICKERS TO SECRETE CONTRABAND, PROCEEDS OF DRUG SALES, AND RECORDS OF DRUG TRANSACTIONS IN SECURE LOCATIONS FOR READY ACCESS AND TO CONCEAL THEM FROM LAW ENFORCEMENT AUTHORITIES;

(E). THAT PERSONS ENGAGED IN LARGE-SCALE DRUG TRAFFICKING SOMETIMES USE SAFE DEPOSIT BOXES IN OTHER PEOPLES' NAMES, TO CONCEAL DRUGS, CURRENCY, FINANCIAL INSTRUMENTS, PRECIOUS METALS, JEWELRY, AND OTHER ITEMS OF VALUE AND/OR PROCEEDS OF DRUG TRANSACTIONS; AND EVIDENCE OF FINANCIAL TRANSACTING, SECRETING, OR SPENDING LARGE SUMS OF MONEY MADE FROM ENGAGING IN DRUG TRAFFICKING ACTIVITIES;

(F). THAT DRUG TRAFFICKERS OFTEN TAKE, OR CAUSE TO BE TAKEN, PHOTOGRAPHS OF THEM, THEIR ASSOCIATES, THEIR PROPERTY, AND THEIR PRODUCTS. THESE TRAFFICKERS USUALLY MAINTAIN THESE PHOTOGRAPHS AMONG THEIR POSSESSIONS.

## IV.
### FACTS

1. THIS AFFIDAVIT IS PREDICATED UPON INFORMATION SUPPLIED BY SEVERAL COOPERATING SOURCES WHO HAVE PROVIDED INFORMATION IN THIS MATTER, HEREAFTER REFERRED TO AS CS-1 THROUGH CS-3. CS-1 HAS CONSISTENTLY PROVIDED RELIABLE INFORMATION AND HAS NEVER GIVEN ANY INFORMATION THAT HAS BEEN PROVEN UNRELIABLE. CS-2 HAS MADE CONTROLLED DRUG PURCHASES FROM DAVON RODRIGUEZ IN THE PAST 90 DAYS. CS-1 THROUGH CS-3 HAVE PROVIDED INFORMATION WHICH HAS BEEN CORROBORATED TO THE EXTENT POSSIBLE BY INDEPENDENT INVESTIGATION AND

INFORMATION PROVIDED BY OTHER SOURCES

2. IN AUGUST 1998, A CONFIDENTIAL SOURCE (HEREAFTER REFERRED TO AS CS-1) WAS DEBRIEFED BY YOUR AFFIANT REGARDING THE DRUG TRAFFICKING AND MONEY LAUNDERING OF McCOY WRIGHT. CS-1 ADVISED YOUR AFFIANT THAT BASED UPON HIS/HER PERSONAL OBSERVATION AND KNOWLEDGE, McCOY WRIGHT WAS A MAJOR COCAINE, CRACK COCAINE, AND MARIJUANA DISTRIBUTOR IN THE HAMILTON/MIDDLETOWN, BUTLER COUNTY OHIO AREA CS-1 ADVISED YOUR AFFIANT THAT IN DECEMBER 1997, CS-1 WENT TO 1310 **BALTIMORE AVE. MIDDLETOWN**, OHIO AND PURCHASED ONE (1) KILOGRAM OF COCAINE FROM McCOY WRIGHT.

3. IN 1992, CS-2 BEGAN PURCHASING MARIJUANA FROM DAVON RODRIGUEZ. DURING THE PERIOD OF MARCH 1992 THROUGH DECEMBER 1998, CS-2 PURCHASED MARIJUANA FROM DAVON RODRIGUEZ ON A WEEKLY BASIS.

4. IN DECEMBER 1998, CS-2 WAS ARRESTED BY THE BUTLER COUNTY SHERIFF'S DEPARTMENT FOR A NON DRUG RELATED CHARGE AND AGREED TO WORK WITH THE BUTLER COUNTY SHERIFF'S DEPARTMENT MAKING CONTROLLED PURCHASES OF COCAINE FROM DAVON RODRIGUEZ FOR CASE CONSIDERATION. DURING THE PERIOD OF DECEMBER 1998 THROUGH MARCH 1999, THE CINCINNATI DEA DRUG TASK FORCE AND CS-2 HAS MADE SEVERAL CONTROLLED PURCHASES OF COCAINE FROM DAVON RODRIGUEZ.

5. DURING THE PERIOD OF APRIL 19, 1999, THROUGH THE PRESENT DATE, CS-3 HAS PROVIDE AGENTS WITH INFORMATION REGARDING THE DISTRIBUTION OF COCAINE BY DAVON RODRIGUEZ, McCOY WRIGHT AND OTHERS. ALL INFORMATION RECEIVED BY CS-3 WAS VERIFIED THROUGH SURVEILLANCE PROVIDED BY MEMBERS OF THE CINCINNATI DEA DRUG TASK FORCE, HAMILTON POLICE DEPARTMENT, MIDDLETOWN POLICE DEPARTMENT, AND THE BUTLER COUNTY SHERIFF'S DEPARTMENT.

5A. ON APRIL 19, 1999, CS-3 INFORMED AGENTS THAT JOSE RODRIGUEZ WAS GOING TO **811 CENTRAL AVE. HAMILTON**, OHIO TO MEET WITH MCCOY WRIGHT TO PICK UP COCAINE SURVEILLANCE UNITS OBSERVED JOSE RODRIGUEZ ARRIVE AT **811 CENTRAL AVE. HAMILTON**, OHIO, MEET WITH McCOY WRIGHT, AND LEFT **811 CENTRAL AVE. HAMILTON**, OHIO CARRYING A PACKAGE. INFORMATION SUPPLIED BY CS-3 CONFIRMED THAT THE PACKAGE THAT JOSE RODRIGUEZ PICKED FROM **811 CENTRAL AVE. HAMILTON**, OHIO WAS COCAINE.

5B. ON APRIL 22, 1999, CS-3 INFORMED AGENTS THAT DAVON RODRIGUEZ WAS GOING TO MEET McCOY WRIGHT AT **811 CENTRAL AVE. HAMILTON**, OHIO TO PICK UP COCAINE. ON APRIL 22, 1999, SURVEILLANCE UNITS OBSERVED RODRIGUEZ ARRIVE AT **811 CENTRAL AVE. HAMILTON**, OHIO AND MAKE CONTACT WITH McCOY WRIGHT. AFTER A BRIEF CONVERSATION WITH WRIGHT, RODRIGUEZ LEFT **811 CENTRAL AVE.** AND PROCEEDED TO THE AREA OF 1440 SHULER AVE. ON APRIL 22,1999, CS-3 CONFIRMED THAT RODRIGUEZ DID PICK UP COCAINE FROM WRIGHT AT **811 CENTRAL AVE.**

5C. ON APRIL 29, 1999, CS-3 INFORMED AGENTS THAT DAVON RODRIGUEZ WAS GOING TO BE MEETING SEVERAL PEOPLE IN DIFFERENT LOCATIONS IN THE CITY OF HAMILTON, OHIO TO DELIVER COCAINE. SURVEILLANCE UNITS FOLLOWED RODRIGUEZ AND CONFIRMED THE MEETING LOCATIONS DESCRIBED BY CS-3. AFTER MEETING WITH HIS CUSTOMERS, RODRIGUEZ RETURNED DIRECTLY TO 1126 **HARMON AVE. HAMILTON**, OHIO.

5D. DURING THE PERIOD OF APRIL 19, 1999 THROUGH THE PRESENT DATE, CS-3 ADVISED THAT DAVON RODRIGUEZ WAS GOING TO BE MEETING WITH SEVERAL DIFFERENT PEOPLE TO DELIVER COCAINE. SURVEILLANCE UNITS FOLLOWED RODRIGUEZ FROM 1126 **HARMON AVE. HAMILTON**, OHIO TO SEVERAL DIFFERENT AREAS IN THE CITY OF HAMILTON,

OHIO WHERE RODRIGUEZ DELIVERED COCAINE TO THE UNKNOWN PERSONS

5E. DURING THE PERIOD OF APRIL 19, 1999 THROUGH THE PRESENT DATE, CS-3 ADVISED THAT DAVON RODRIGUEZ WAS STAYING OR HAD PROPERTY STORED AT 1126 HARMON AVE. HAMILTON, OHIO.

5F. DURING THE PERIOD OF APRIL 19, 1999 THROUGH THE PRESENT DATE, CS-3 INFORMED AGENTS THAT DAVON RODRIGUEZ, JOSE RODRIGUEZ, PAUL CARPENTER, AND OTHERS WERE USING 1440 SHULER AVE. 2ND FLOOR APT. HAMILTON, OHIO TO STORE, PREPARE, AND DISTRIBUTE COCAINE, CRACK COCAINE, AND MARIJUANA.

5G. ON APRIL 27, 1999, CS-3 ADVISED AGENTS THAT DAVON RODRIGUEZ WAS PREPARING TO MEET WITH SEVERAL UNIDENTIFIED PERSONS TO DELIVER COCAINE. ON APRIL 27, 1999, SURVEILLANCE UNITS OBSERVED DAVON RODRIGUEZ ENTER 1440 SHULER AVE. 2ND. FLOOR APT. HAMILTON, OHIO AND MEET WITH OTHERS UNKNOWN. SURVEILLANCE UNITS FOLLOWED RODRIGUEZ FROM 1440 SHULER AVE. 2ND FLOOR APT. HAMILTON, OHIO TO SEVERAL LOCATIONS IN THE HAMILTON, OHIO AREA. SURVEILLANCE UNITS OBSERVED RODRIGUEZ MAKING WHAT APPEARED TO BE COCAINE TRANSACTIONS.

5H. ON APRIL 27, 1999, CS-3 ADVISED AGENTS THAT DAVON RODRIGUEZ AND A MALE BLACK IDENTIFIED AS "BUZZARD" WERE PREPARING TO DRIVE FROM HAMILTON, OHIO TO COLUMBUS, OHIO TO PICK UP COCAINE. SURVEILLANCE UNITS FOLLOWED RODRIGUEZ AND "BUZZARD" FROM HAMILTON, OHIO TO THE AREA OF ALTON ST AND 7TH ST. IN COLUMBUS, OHIO. RODRIGUEZ AND "BUZZARD" MADE CONTACT WITH AN UNIDENTIFIED MALE BLACK. AFTER A BRIEF PERIOD OF TIME, RODRIGUEZ AND "BUZZARD" LEFT COLUMBUS, OHIO AND HEADED BACK TOWARDS HAMILTON, OHIO. WHILE DRIVING BACK TO THE HAMILTON, OHIO AREA, CS-3 ADVISED THAT RODRIGUEZ AND "BUZZARD" DID PICK UP COCAINE AND WERE GOING TO BE DROPPING OFF THREE (3) OUNCES OF THE COCAINE TO AN APARTMENT IN WEST CHESTER, OHIO. ON APRIL 27, 1999, AGENTS FOLLOWED RODRIGUEZ AND "BUZZARD" TO 5270 APT. 12 ASTER PARK DRIVE WEST CHESTER, OHIO. RODRIGUEZ AND BUZZARD ENTERED 5270 APT.12 ASTER PARK DRIVE WEST CHESTER, OHIO AND MET WITH AN UNIDENTIFIED MALE WHITE. AFTER A BRIEF PERIOD OF TIME, RODRIGUEZ AND "BUZZARD" EXITED 5270 APT. 12 ASTER PARK DRIVE WEST CHESTER, OHIO AND RETURNED TO THE HAMILTON, OHIO AREA. CS-3 CONFIRMED THAT RODRIGUEZ AND "BUZZARD" DELIVERED THREE OUNCES OF COCAINE TO 5270 APT. 12 ASTER PARK DRIVE WEST CHESTER, OHIO.

5I. DURING APRIL 29, 1999 THROUGH THE PRESENT DATE, CS-3 ADVISED AGENTS THAT McCOY WRIGHT WAS USING THE RESIDENCE OF 1310 BALTIMORE AVE. MIDDLETOWN, OHIO TO STORE, PREPARE OR DISTRIBUTE NARCOTICS. ON MAY 3,1999, AGENTS OBSERVED McCOY WRIGHT COMPLETE SEVERAL COCAINE TRANSACTIONS FROM 1310 BALTIMORE AVE. MIDDLETOWN, OHIO. THESE TRANSACTIONS WERE CONFIRMED BY CS-3 AS BEING COCAINE SALES.

5J. DURING APRIL 29, 1999 THROUGH THE PRESENT DATE, CS-3 ADVISED THAT JERRY ROBINSON WAS HELPING McCOY WRIGHT DISTRIBUTE COCAINE IN THE MIDDLETOWN, OHIO AREA. CS-3 FURTHER STATED THAT JERRY ROBINSON WAS USING 13 MONROE ST.MIDDLETOWN, OHIO TO ARRANGE COCAINE TRANSACTIONS.

5K. ON MAY 1, 1999, CS-3 ADVISED THAT AN UNIDENTIFIED MALE AND DAVON RODRIGUEZ ENGAGED IN A CONVERSATION REGARDING THE STORAGE OF SEVERAL ASSAULT RIFLES AND HANDGUNS AT 922 VINE STREET HAMILTON, OHIO. RODRIGUEZ INFORMED CS-3 THAT HE (RODRIGUEZ) HAS ASSAULT WEAPONS STORED AT 922 VINE STREET HAMILTON, OHIO.

5L. ON APRIL 22, 1999, CS-3 ADVISED THAT DAVON RODRIGUEZ HAD SECRETED A GUN SAFE LOADED WITH AN ASSORTMENT OF WEAPONS, IN THE BASEMENT OF 3301 RIVER RD., HAMILTON, OHIO. CS-3 FURTHER ADVISED THAT THIS WAS THE BASEMENT OF EDWARD BELARSKI. BELARSKI IS A COCAINE DISTRIBUTOR FOR DAVON RODRIGUEZ.

5M. ON MAY 7, 1999, CS-3 ADVISED THAT KAMY HENRY MET WITH McCOY WRIGHT AND PICKED UP THREE (3) OUNCES OF COCAINE. HENRY MET McCOY IN MIDDLETOWN, OHIO AND RETURNED IMMEDIATELY TO 325 MOORE ST. MIDDLETOWN, OHIO WITH THE COCAINE. CS-3 FURTHER ADVISED THAT HENRY IS A DISTRIBUTOR OF COCAINE FOR McCOY WRIGHT.

6. IN NOVEMBER 1998, THE MIDDLETOWN POLICE DEPARTMENT EXECUTED A STATE SEARCH WARRANT AT 1310 BALTIMORE AVE. MIDDLETOWN, OHIO. DURING THE EXECUTION OF THE SEARCH WARRANT, DETECTIVES RECOVERED $38,000.00 IN U.S. CURRENCY (THE CURRENCY WAS SORTED IN $1,000.00 BUNDLES WITH RUBBER BANDS BEING PLACED AT EACH END OF THE BUNDLES), APPROXIMATELY 1 KILOGRAM OF MARIJUANA, AND PLASTIC PACKAGING MATERIAL THAT IS CONSISTENT WITH ONE (1) KILOGRAM OF COCAINE. DETECTIVES OBSERVED A WHITE POWDER SUBSTANCE ON THE PLASTIC PACKAGING MATERIAL. THE WHITE POWDER RESIDUE WAS SENT TO THE MIAMI VALLEY CRIME LABORATORY FOR ANALYSIS WITH THE RESULTS RETURNING POSITIVE AS COCAINE.

7. IN DECEMBER 1998, MIDDLETOWN POLICE DEVELOPED INFORMATION FROM AN ANONYMOUS TIP THAT McCOY WRIGHT AND JERRY ROBINSON TRAVEL TO ATLANTA GEORGIA TO PURCHASE COCAINE AND RETURN TO THE MIDDLETOWN, OHIO AREA TO DISTRIBUTE THE COCAINE. ON DECEMBER 30, 1998, THE DAYTON POLICE DEPARTMENT'S AIRPORT DRUG INTERDICTION UNIT RECEIVED INFORMATION THAT McCOY WRIGHT AND JERRY ROBINSON WERE TRAVELING TO ATLANTA GEORGIA FROM THE DAYTON AIRPORT. ON DECEMBER 30, 1998, A DRUG TRAINED K-9 CHECKED LUGGAGE FROM A FLIGHT THAT WAS LEAVING DAYTON, OHIO GOING TO ATLANTA, GEORGIA. THE DRUG TRAINED K-9 ALERTED TO FOUR (4) PIECES OF LUGGAGE THAT WERE OWNED BY McCOY WRIGHT AND JERRY ROBINSON. THE DAYTON POLICE DEPARTMENT EXECUTED A STATE SEARCH WARRANT ON JERRY ROBINSONS AND McCOY WRIGHT'S LUGGAGE AND DISCOVERED $3,000.00 IN UNITED STATES CURRENCY SECRETED INSIDE JERRY ROBINSON'S CLOTHING. THE $3,000.00 WAS SORTED IN $1,000.00 BUNDLES WITH EACH END BEING SECURED WITH RUBBER BANDS. (SEE PARAGRAPH 6)

8. DURING THE PERIOD OF NOVEMBER 1998 THROUGH FEBRUARY 1999, DETECTIVES FROM THE MIDDLETOWN POLICE DEPARTMENT DID "TRASH PULLS" FROM 1310 BALTIMORE AVE. MIDDLETOWN, OHIO. DURING THESE TRASH PULLS, AGENTS DISCOVERED PLASTIC PACKAGING MATERIALS THAT WERE CONSISTENT WITH 13 KILOGRAMS OF COCAINE. DETECTIVES FURTHER DISCOVERED THAT THE PACKAGING MATERIALS CONTAINED A WHITE POWDER SUBSTANCE. THE PACKAGING MATERIALS WERE SENT TO THE MIAMI VALLEY CRIME LABORATORY FOR ANALYSIS. THE LABORATORY ANALYSIS CONFIRMED THAT THE WHITE POWDER SUBSTANCE FOUND IN THE PACKAGING MATERIALS WAS COCAINE.

## SUMMARY AND CONCLUSIONS

WHEREFORE, YOUR AFFIANT ASSERTS THERE EXISTS PROBABLE CAUSE TO BELIEVE THAT DAVON RODRIGUEZ, JOSE RODRIGUEZ, PAUL CARPENTER, McCOY WRIGHT, JERRY ROBINSON, AND OTHERS HAVE ENGAGED IN AN ONGOING CONTROLLED SUBSTANCE DISTRIBUTION ENTERPRISE AND THAT EVIDENCE OF THESE ACTIVITIES PRESENTLY EXIST.

YOUR AFFIANT ALSO ASSERTS THERE IS PROBABLE CAUSE TO CONCLUDE THAT ARTICLES DESCRIBED IN SECTION II UNDER "PROPERTY TO BE SEIZED" ARE BEING SECRETED AND MAINTAINED BY DAVON RODRIGUEZ, JOSE RODRIGUEZ, PAUL CARPENTER, McCOY WRIGHT, JERRY ROBINSON, AND OTHERS IN THE PREMISES AND LOCATIONS DESCRIBED IN SECTION I UNDER "PROPERTY TO BE SEARCHED" OF THIS AFFIDAVIT. FURTHER, AFFIANT ASSERTS THAT THE ITEMS SOUGHT TO BE SEIZED ARE FRUITS AND INSTRUMENTALITIES OF THE CRIMES SPECIFIED IN SECTION III SUBSECTIONS "1A" AND "1B" OF THIS AFFIDAVIT.

YOUR AFFIANT SUBMITS THAT SOME MEMBERS OF THIS COCAINE AND MARIJUANA ORGANIZATION HAVE BEEN CONVICTED OF DANGEROUS CRIMES AND ARE A RISK TO THE SAFETY OF THE OFFICERS EXECUTING THESE SEARCH WARRANTS. FURTHER, YOUR AFFIANT HAS BEEN ADVISED BY CS-1 THROUGH CS-3 THAT MEMBERS OF THIS ORGANIZATION HAVE SEVERAL ASSAULT RIFFLES, HANDGUNS AND SHOTGUNS AND ARE NOT AFRAID OF USING SAID WEAPONS AGAINST OTHERS. THEREFORE YOUR AFFIANT REQUEST THAT THESE SEARCH WARRANTS BE EXECUTED IN THE **DAYTIME OR NIGHTTIME** HOURS FOR THE SAFETY OF THE EXECUTING OFFICERS.

_____
CHARLIE STIEGELMEYER
TASK FORCE AGENT
DRUG ENFORCEMENT ADMINISTRATION

SWORN AND SUBSCRIBED TO BEFORE ME THIS ___11___ DAY OF _MAY_ 1999.

_____
UNTIED STATES MAGISTRATE JUDGE

7