UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK BIROSHAK, et al., | : | Case No. C-1-01-0300 |
| Plaintiffs, | : | Judge Weber |
| v. | : | |
| THE CITY OF HAMILTON, OHIO, et al., | : | **HAMILTON DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| Defendants. | : | |

Come now the City of Hamilton Defendants, who, pursuant to this Court's Scheduling Order, hereby submit their proposed Findings of Fact and Conclusions of Law in conjunction with their Motion for Summary Judgment.

Respectfully submitted,

/s/   Wilson G. Weisenfelder, Jr.
Wilson G. Weisenfelder, Jr. (#0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
One West Fourth Street, Suite 900
Cincinnati, OH 45202-3688
(513) 381-9292
(513) 381-9206 - Facsimile

Trial Attorney for Hamilton Defendants

# HAMILTON DEFENDANTS' PROPOSED
# FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. **PROPOSED FINDINGS OF FACT.**

1. Neil R. Ferdelman was the Chief of Police for the City of Hamilton, Ohio Police Department as of May 17, 1999.

2. Lt. J. Scott Scrmizzi, Lt. Michael Lease, Sgt. Steven Henderson, Detective James Calhoun, Detective James Smith, Detective William Hensley, Detective Ramon W. McQueen, Detective Steven Rogers, Detective Michael Waldeck, Detective David Weissinger, Officer Lee Brian Buchanan, Officer Jeffrey Eck, Officer Dominic Spinelli, Officer Ross Edward Sherman, Officer Melvin Gray, and Officer Paul S. Davis were members of the Hamilton Police Department SWAT Team as of May 17, 1999.

3. Chief Ferdelman did not participate in the raid on May 17, 1999.

4. Wendell S. Sorrell was not a member of the City of Hamilton Police Department as of May 17, 1999, and did not participate in the raid on the Biroshak residence on May 17, 1999.

5. Lt. Greg Dininger did not participate in the raid but did participate in the search.

6. Shawn Pater was a paramedic for the City of Hamilton Fire Department and did not participate in the raid or search of the Biroshak residence on May 17, 1999.

7. A multi-jurisdictional drug investigation was underway in May, 1999, which involved the Butler County, Ohio area.

8. The DEA Task Force worked in conjunction with the City of Hamilton Police Department and the Butler County Sheriff's Department.

9. The DEA was in charge of the search and investigative functions of the operation.

10. Plaintiffs, Mary and Mark Biroshak, resided at 922 Vine Street, Hamilton, Ohio, as of the date of the raid.

11. One of the targets of the investigation was Joe Blankenship, son of Plaintiff, Mary Biroshak, who sometimes stayed at the 922 Vine Street address.

12. Aside from Blankenship, the investigation involved drugs and weapons at the Biroshak residence.

13. The DEA agents made a determination sufficient evidence had been obtained in order to secure a search warrant.

14. The Application for the Search Warrant was reviewed by the U.S. Attorney's Office prior to presenting it to the Magistrate.

15. The Application for a Search Warrant and Affidavit to secure the Search Warrant were presented to the Magistrate Judge who authorized the Search Warrant.

16. The operation consisted of two components. The first was securing of the premises by the Hamilton SWAT team and the second was the search of the premises by the DEA.

17. The Hamilton SWAT team secured the premises within approximately ten minutes or less of entering the premises. Once the premises had been secured the SWAT team left the premises and the DEA searched the residence for approximately two hours.

18. Joseph Blankenship was in jail for a probation violation at the time of the raid.

19. Two of the Biroshaks' grandchildren, Paige Evans and Acacia Lipps, were present in the residence at the time of the raid.

20. The raid began at approximately 5:30 a.m. The entering team encountered Mark Biroshak, his wife and one granddaughter. The other granddaughter was in another downstairs room.

21. A quick pat down search was performed of Mark Biroshak though not of Mary Biroshak.

22. None of the residents nor the grandchildren were touched, threatened, handcuffed, or arrested during the course of the raid or search.

23. A dog leaped from the second floor window during the raid and landed in close proximity to a SWAT team member.

24. The SWAT team member, fearing for his safety, shot the dog. He required assistance from two other officers who finally downed the dog.

25. Each of the Hamilton officers was duly certified by the State of Ohio and had received training in special weapons, tactics, etc.

26. Each SWAT member receives ongoing training.

**B.    CONCLUSIONS OF LAW**

1. The Hamilton SWAT team members did not use excessive force.  *Graham v. Connor,* 490 U.S. 386 (1989); *Patrick v. City of Detroit*, 906 F.2d 1108 (6th Cir. 1990).

2. The Hamilton officers are entitled to qualified immunity with regard to claims of excessive force.  *Saucier v. Katz*, 533 U.S. 194 (2001).

3. The Hamilton SWAT team did not violate Plaintiffs' Fifth Amendment Rights. *Michigan v. Summers*, 452 U.S. 692 (1981); *Burchett v. Kiefer*, 310 F.3d 937 (6th Cir. 2002).

4. The warrant issued was a facially valid warrant.  *Illinois v. Gates*, 462 U.S. 213 (1983); *Mays v. City of Dayton*, 134 F.3d 809 (6th Cir. 1998).

5. Hamilton officers are entitled to qualified immunity with regard to Plaintiffs' Fifth Amendment Claims.  *Feathers v. Aey*, 319 F.3d 843 (6th Cir. 2003).

6. Claims of negligence against the City of Hamilton, Chief Ferdelman and the officers are barred under R.C. §2744.02(A)(1); §2744.03(A)(6).

7. Claims against the City of Hamilton under a theory of *respondeat superior* are barred by virtue of the authority of *Monell v. Dept. of Social Services*, 436 U.S. 658 (1977).

8. An officer sued in his official capacity is a claim against the municipality. *Kentucky v. Graham*, 473 U.S. 159 (1985).

9. The Hamilton officers were properly trained and any claim of inadequate training does not rise to the level of deliberate indifference. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994).

10. There is no evidence of prior unconstitutional actions of employees of the City of Hamilton and accordingly claims of municipal liability must fail. *Stemler v. City of Florence*, 126 F.3d 856 (6th Cir. 1997).

/s/   Wilson G. Weisenfelder, Jr.
Wilson G. Weisenfelder, Jr. (#0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
One West Fourth Street, Suite 900
Cincinnati, OH 45202
(513) 381-9292
(513) 381-9206 - Facsimile

Trial Attorney for Hamilton Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2003, I electronically filed the foregoing Proposed Findings of Fact and Conclusions of Law with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott T. Greenwood, Esq.
1 Liberty House
P. O. Box 54400
Cincinnati, OH 45254-0400
**Attorney for Plaintiffs**

Jack McGowan, Esq.
MCGOWAN & ASSOCIATES
246 High Street
Hamilton, OH 45011
**Attorney for Defendant, Harold Gabbard**

Gerald Kaminski, Esq.
Assistant U.S. Attorney
221 East 4th Street, Suite 400
Cincinnati, OH 45202
**Attorney for DEA Defendants**

/s/      Wilson G. Weisenfelder, Jr.
Wilson G. Weisenfelder, Jr.

361455.1