```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION


MARK BIROSHAK, et al.,        :    Civil No. C-1-01-300
                              :    Senior Judge Weber
        Plaintiffs,           :
                              :
    v.                        :    ANSWER OF
                              :    FEDERAL DEFENDANTS
CITY OF HAMILTON, et al.,     :    TO FIRST AMENDED COMPLAINT
                              :
        Defendants.           :
```

The Federal Defendants herein, i.e., Kenneth Etchison, Dan Ryan, Charlie Stiegelmeyer, Larry Fultz, Michael Mann, Gary Curry, Trent Chenoweth, and Gwen Gregory, submit their answer to the First Amended Complaint and aver as follows:

    1.   The averments set forth in paragraph 1 of the First Amended Complaint state the plaintiffs' characterization of this lawsuit to which no answer is required.  To the extent that an answer may be required, the averments are denied.

    2.   The averments set forth in paragraph 2 of the First Amended Complaint state legal conclusions to which no answer is required. To the extent that an answer may be required, the averments are denied.

    3.   The averments set forth in paragraph 3 of the First Amended Complaint state legal conclusions to which no answer is required.

    4.   The federal defendants admit the averments set forth in

paragraph 4 of the First Amended Complaint.

    5.    The federal defendants admit the averments set forth in paragraph 5 of the First Amended Complaint.

    6.    The federal defendants admit the averments in the first sentence of paragraph 6 of the First Amended Complaint. The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 6 of the First Amended Complaint.

    7.    The federal defendants admit the averments set forth in the first sentence of paragraph 7. The federal defendant are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the second and third sentences of paragraph 7. The averments set forth in the fourth sentence of paragraph 7 state legal conclusions to which no answer is required.

    8.    The federal defendants admit the averments in the first sentence of paragraph 8 of the First Amended Complaint. The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the second sentence of paragraph 8 of the First Amended Complaint. The averments set forth in the third sentence of paragraph 8 state legal conclusions to which no answer is required.

9.  The federal defendants admit that defendants Dininger, Scrimizzi, Lease, Calhoun, Smith, McQueen, Waldeck, Buchanan, Eck, Spinelli, Gray and Davis are police officers with the Hamilton Police Department.  The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in the first sentence of paragraph 9 of the First Amended Complaint as well as the averments set forth in the second and sixth sentences of paragraph 9 of the First Amended Complaint.  The federal defendants admit the averments set forth in the third and fourth sentences of paragraph 9 of the First Amended Complaint as they relate to defendants Dininger, Scrimizzi, Lease, Calhoun, Smith, McQueen, Waldeck, Buchanan, Eck, Spinelli, Gray and Davis. The averments set forth in the fifth sentence of paragraph 9 of the First Amended Complaint state legal conclusions to which no answer is required.  The federal defendants deny the remaining averments set forth in paragraph 9 of the First Amended Complaint.

10.  The federal defendants admit that at the time of the events alleged in this lawsuit, federal defendants Ryan, Stiegelmeyer, Fultz, Mann and Chenoweth were task force officers with the United States Drug Enforcement Agency ("DEA"). The federal defendants deny that federal defendant Etchison was a DEA task force officer but state that at the times relevant to this

lawsuit, defendant Etchison was the Resident Agent in Charge of the DEA's Cincinnati Office.  The federal defendants further deny that defendant Curry was a DEA task force officer but state that at the times relevant to this lawsuit, defendant Curry was a DEA Special Agent.  The federal defendants admit the averments in the second and fourth sentences of paragraph 10 of the First Amended Complaint.  The federal defendants deny the averments set forth in the third sentence of paragraph 10 of the First Amended Complaint and specifically aver that at all times relevant to this lawsuit, they were acting under color of federal law.  The federal defendants state that the averments set forth in the fifth sentence of paragraph 10 of the First Amended Complaint state legal conclusions to which no answer is required. The federal defendants deny the averments in the sixth sentence of paragraph 10 of the First Amended Complaint and aver that defendant Etchison resides in Columbus, Ohio, defendants Ryan and Mann reside in Kentucky, and defendants Stiegelmeyer, Chenoweth and Fultz reside in Butler County.

  11. The federal defendants deny the averments set forth in paragraph 11 of the First Amended Complaint.  However, the federal defendants aver that on the morning of May 17, 1999, the federal defendants were engaged in executing federal search warrants as part of a multi-jurisdictional investigation of a

drug conspiracy operating in Middletown, Ohio, Hamilton, Ohio and Butler County.

    12.   The federal defendants deny that the execution of the federal search warrant for 922 Vine Street, Hamilton, Ohio occurred at 5:30 a.m. and aver that the execution of the search warrant took place at approximately 6:30 a.m.  The federal defendants admit the remaining averments set forth in paragraph 12 of the First Amended Complaint.

    13.   The federal defendants deny the averments set forth in paragraph 13 of the First Amended Complaint.  However, the federal defendants aver that the City of Hamilton SWAT team broke windows and utilized "flash bangs" in the process of securing the residence at 922 Vine Street for execution of the federal search warrant.  Federal defendants further aver that the City of Hamilton SWAT team shot and killed a mixed breed male pit bull weighing in excess of 135 pounds after it jumped from a second story window at 922 Vine Street and threatened to attack members of the SWAT team.

    14.   The federal defendants deny the averments set forth in paragraph 14 of the First Amended Complaint except the federal defendants admit that at the time of the execution of the federal search warrant at 922 Vine Street, Joseph Blankenship was incarcerated in the Butler County Jail.

15. The federal defendants deny the averments set forth in paragraph 15 of the First Amended Complaint.

16. The federal defendants admit that at the time of the execution of the federal search warrant at 922 Vine Street, Acacia Lipps and Paige Evans were approximately six and three years old respectively and that they were unarmed. The federal defendants deny the remaining averments set forth in paragraph 16 of the First Amended Complaint.

17. The federal defendants deny the averments set forth in paragraph 17 of the First Amended Complaint.

18. The federal defendants deny the averments set forth in paragraph 18 of the First Amended Complaint. However, the federal defendants admit that they seized $660.00 in currency as well as 2 SKS assault rifles, a Remington shotgun, a baggie of marijuana, a phone number, a power hitter with a marijuana cigarette, night vision goggles, a board with zig-zag papers and a small amount of marijuana, a baggie with white residue and miscellaneous envelopes and paperwork pursuant to the federal search warrant. The Remington shotgun was later returned to Mark Biroshak upon presentation of proof of ownership.

19. The federal defendants deny the averments set forth in paragraph 19 of the First Amended Complaint.

20. The federal defendants repeat the admissions and denials to the averments incorporated by reference in paragraph 20 of the First Amended Complaint.

21. The federal defendants deny the averments set forth in paragraph 21 of the First Amended Complaint.

22. The federal defendants deny the averments set forth in paragraph 22 of the First Amended Complaint.

23. The federal defendants deny the averments set forth in paragraph 23 of the First Amended Complaint.

24. The federal defendants deny the averments set forth in paragraph 24 of the First Amended Complaint.

25. The federal defendants deny the averments set forth in paragraph 25 of the First Amended Complaint.

26. The federal defendants deny the averments set forth in paragraph 26 of the First Amended Complaint except that the federal defendants admit that the plaintiffs are represented by legal counsel.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the claims asserted against the federal defendants in their official and individual capacities.

## SECOND AFFIRMATIVE DEFENSE

The federal defendants were not served and/or properly served with service of process with respect to the claims

asserted against them in their individual capacities.

### THIRD AFFIRMATIVE DEFENSE

The claims against the federal defendants in their individual capacities are precluded by the defenses of official immunity and/or qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The claims against federal defendant Curry are suspended pursuant to the Soldiers' and Sailors' Relief Act of 1940 as he is on active military duty.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs failed to exhaust their administrative remedies with respect to the claims asserted against the federal defendants in their official capacity.

### SIXTH AFFIRMATIVE DEFENSE

The claims against the federal defendants in their official capacity are precluded by the doctrine of sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

As the federal defendants were acting under color of federal law, not state law, with respect to the events alleged in this lawsuit, plaintiffs fail to state a claim against the federal defendants in either their individual and official capacities under 42 U.S.C. §1983.

WHEREFORE, having fully answered, the federal defendants respectfully request the Court to issue an order dismissing the claims against them in both their official and individual capacities and awarding them their costs and disbursements expended in the defense of this lawsuit.

                          Respectfully submitted,

                          GREGORY G. LOCKHART
                          United States Attorney

                          s/Gerald F. Kaminski
                          GERALD F. KAMINSKI (0012532)
                          Assistant United States Attorney
                          Attorney for Defendant
                          221 East Fourth Street, Suite 400
                          Cincinnati, Ohio 45202
                          (513) 684-3711
                          Fax: (513) 684-6972
                          Gerald.Kaminski @usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **ANSWER OF FEDERAL DEFENDANTS** was served on this 18th day of December, 2003, electronically on: Scott T. Greenwood, Esq., Greenwood & Associates, One Liberty House, P.O. Box 5440, Cincinnati, OH 45254-0400 and Wilson G. Weisenfelder, Jr., Rendigs, Fry, Keely & Dennis, LLP, One West Fourth Street, Suite 900, Cincinnati, OH 45202.

s/Gerald F. Kaminski
GERALD F. KAMINSKI (0012532)
Assistant United States Attorney